# UNITED STATES DISTRICT COURT

for the

DISTRICT OF RHODE ISLAND

CA 18- 280

| | |
|---|---|
| Renee Victoria Gibson, | Case No. _____ |
| Plaintiff, | |
| -v- | Jury Trial: YES |
| Springfield College; Cambridge College; Massachusetts Board of Higher Education; Massachusetts Board of Registration of Allied Mental and Human Services Professions; Rhode Island Board of Mental Health Counselors and Marriage and Family Therapists; National Board of Certified Councilors; United States Department of Education; American Student Assistance; Delta Management Associates | |
| Defendants. | |

## COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

A. **The Plaintiff**

|  |  |
|---|---|
| Name: | Renee Victoria Gibson |
| Street Address: | 1 Mill Street, #1325 |
| City and County: | Tiverton, Newport |
| State & Zip Code: | Rhode Island, 02878 |
| Telephone Number: | (617) 971-7191 |
| E-mail Address: | reneevgibson@gmail.com |

**B.  The Defendant(s)**

Defendant No. 1
    Name:                  Springfield College
    Street Address:     263 Alden Street
    City and County:   Springfield, Hampden
    State & Zip Code:  Massachusetts, 01109
    Telephone Number: (413) 748-3000

Defendant No. 2
    Name:                  Cambridge College
    Street Address:     500 Rutherford Avenue
    City and County:   Boston, Suffolk
    State & Zip Code:  Massachusetts, 02129
    Telephone Number: (800) 877-4723

Defendant No. 3
    Name:                  Massachusetts Board of Higher Education
    Street Address:     One Ashburton Place, Room 1401
    City and County:   Boston, Suffolk
    State & Zip Code:  Massachusetts, 02108
    Telephone Number: (617) 994-6950

Defendant No. 4
    Name:                  Massachusetts Board of Registration of Allied
                           Mental Health and Human Services Professions
    Street Address:     1000 Washington Street, Suite 710
    City and County:   Boston, Suffolk
    State & Zip Code:  Massachusetts, 02118
    Telephone Number: (617) 727-3080

Defendant No. 5
    Name:                  Rhode Island Board of Mental Health Counselors
                           and Marriage and Family Therapists
    Street Address:     3 Capitol Hill, Room 104
    City and County:   Providence, Providence
    State & Zip Code:  Rhode Island, 02908-5097
    Telephone Number: (401) 222-2828

Defendant No. 6
    Name:                  National Board of Certified Councilors
    Street Address:     3 Terrace Way
    City and County:   Greensboro, Guilford
    State & Zip Code:  North Carolina, 27403
    Telephone Number: (919) 814-5400

Defendant No. 7
    Name:               United States Department of Education
    Street Address:     400 Maryland Avenue, SW
    City and County:   Washington
    State & Zip Code:  District of Columbia, 20202
    Telephone Number: (202) 401-2000

Defendant No. 8
    Name:               American Student Assistance
    Street Address:     100 Cambridge Street, Suite 1600
    City and County:   Boston, Suffolk
    State & Zip Code:  Massachusetts, 02114
    Telephone Number: (202) 401-2000

Defendant No. 9
    Name:               Delta Management Associates
    Street Address:     100 Everett Street, Suite 6
    City and County:   Boston, Suffolk
    State & Zip Code:  Massachusetts, 02150
    Telephone Number: (617) 884-9444

## II.   Basis for Jurisdiction

### A.  Federal Question

Specific Federal statutes in question include but may not be limited to: 15 U.S.C § 52, 18 U.S.C § 1001, 18 U.S.C. § 371, 34 C.F.R. § 682.211, 34 C.F.R. § 685.20515 U.S.C. § 1692c, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, 15 U.S.C. § 1692g, 15 U.S.C. § 1692j, and others to be determined upon further investigation.

### B.  Diversity of Jurisdiction

    1.  The Plaintiff(s)

        a.  The plaintiff, **Renee Victoria Gibson**, is a citizen of the State of Rhode Island.

    2.  The Defendant(s)

a.  The defendant, **Springfield College**, is incorporated under the laws of the Commonwealth of Massachusetts, and has its principal place of business in the Commonwealth of Massachusetts.

b.  The defendant, **Cambridge College**, is incorporated under the laws of the Commonwealth of Massachusetts, and has its principal place of business in the Commonwealth of Massachusetts.

c.  The defendant, **Massachusetts Board of Higher Education**, is a government agency of the Commonwealth of Massachusetts, is incorporated or authorized under the laws of the Commonwealth of Massachusetts, and has its principal place of business in the Commonwealth of Massachusetts.

d.  The defendant, **Massachusetts Board of Registration or Allied Mental Health and Human Services Professions**, is a government agency of the Commonwealth of Massachusetts, is incorporated or authorized under the laws of the Commonwealth of Massachusetts, and has its principal place of business in the Commonwealth of Massachusetts.

e.  The defendant, **Rhode Island Board of Mental Health Counselors and Marriage and Family Therapists**, is a government agency of the State of Rhode Island, is incorporate of authorized under the laws of the State of Rhode Island, and has its principal place of business in the State of Rhodes Island.

- 4 -

f. The defendant, **National Board for Certified Counselors**, is incorporated under the laws of the State of North Carolina, and has its principal place of business in the State of North Carolina.

g. The defendant, **United States Department of Education**, is a government agency of the United States of America, is incorporated or authorized under Federal Law, and has a principal place of business in the District of Columbia.

h. The defendant, **American Student Assistance**, is incorporated under the laws of the Commonwealth of Massachusetts, and has its principal place of business in the Commonwealth of Massachusetts.

i. The defendant, **Delta Management Associates**, is incorporated under the laws of the Commonwealth of Massachusetts, and has its principal place of business in the Commonwealth of Massachusetts.

3. The Amount in Controversy

Actual damages incurred, including tuition costs, loan fees, interest, collection costs; lost economic benefit; and, costs incurred by plaintiff as a result of the underlying claims is in excess of $150,000.00.

4. Diversity of Governing Law

In addition to the Federal Law cited in section II(A) herein the following laws are, or may be in question for various Defendants:

Specific statutes of the Commonwealth of Massachusetts in question include but may not be limited to: 274 M.G.L. § 7, 265 M.G.L. § 43A, 266 M.G.L. § 30, 266 M.G.L. § 31, 266 M.G.L. § 33, 266 M.G.L. § 111, 268 M.G.L. § 1, 268 M.G.L. § 3, 271A M.G.L. § 1, 271A M.G.L. § 2, 271A M.G.L. § 3, and others to be determined upon further investigation. Specific statutes of the State of Rhode Island in question include but may not be limited to: 5 R.I.G.L. § 26, 5 R.I.G.L. § 26.2.

**III.    Statement of Claim**

**A. As and For a First Claim: Springfield College**

1.  On or about the Fall of 2000, prior to Plaintiff's matriculation to Springfield College, Plaintiff met with Dr. Simone Alter-Muri and Dr. Leslie Abrams in their official capacities as representatives of Springfield College.

2.  On or about the Fall of 2000, in meetings with Dr. Simone Alter-Muri and Dr. Leslie Abrams, Plaintiff did produce and tender to Defendant Springfield College's within named representatives copies of her certificate of fine art from the Museum School of Fine Art Boston, her master's degree from Cambridge College and a copy of the master's thesis produced in satisfaction of her commencement from Cambridge College and did ask whether the program at Springfield College, together with her previous work would prepare her and make her eligible for licensure in the Commonwealth of Massachusetts.

3. On or about the Fall of 2000, Dr. Simone Alter-Muri and/or Dr. Leslie Abrams did, after receiving the documentation in section III, A, 2 herein assert and represent to Plaintiff that if Plaintiff applied, matriculated, and graduated from the program Plaintiff enrolled in that Plaintiff would be eligible, based on education, for licensure in Massachusetts as a Licensed Mental Health Clinician (LMHC).

4. On or about the Fall of 2000, and based on the representations of Defendant Springfield College, Plaintiff applied for and enrolled in the program recommended by Dr. Simone Alter-Muri and Dr. Leslie Abrams, and took out Federal Student Loans to pay for the tuition and fees charged for the program described.

5. Plaintiff did apply for the LMHC in the Commonwealth of Massachusetts and in following one of the paths to licensure, application for board certification with Defendant National Board of Certified Councilors (NBCC), did find out that her education may not be sufficient for licensure today, and under the laws in place in the Commonwealth at the time of Plaintiff's application, enrollment, matriculation, tenure at, and commencement from Plaintiff Springfield College's program.

6. The belief that the education represented to be in satisfaction of the Commonwealth's educational requirements for licensure as an LMHC in section III, A, 5 herein was, in fact, fraudulently represented to Plaintiff by Dr. Simone Alter-Muri and Dr. Leslie Abrams were partially confirmed to be false statements in an email send to Plaintiff on May 23, 2018 from Dr.

Mary Ann Coughlin, Associate Vice President for Academic Affairs who said that Plaintiff completed "our Certificate of Advanced Graduate Study in Art Therapy at Springfield College. This degree by itself does not meet all requirements for you to apply for the LMHC."

7. Plaintiff asserts that, regardless of whether the program by itself did or did not meet all the requirements to apply for the LMHC in Massachusetts, Dr. Simone Alter-Muri and Dr. Leslie Abrams did represent that Plaintiff would qualify based on a review of her credentials by Springfield College in its official capacity to do so if Plaintiff enrolled in the program in question.

8. Plaintiff further asserts that the actions of Defendant Springfield College, its employees and representative in their official capacity did negligently represent the program and its benefits to Plaintiff in a fraudulent manner and that Plaintiff did rely on these fraudulent statements in her decision to enroll in and to take out Federal Student Loans to pay for the program of study at Springfield College.

9. Plaintiff further asserts that at varying points in time since 2002 and to the present that Dr. Simone Alter-Muri and Dr. Leslie Abrams while in the employ of Springfield College, did assert that Plaintiff was qualified for and should have no problem getting the LMHC.

**B. As and For a Second Claim: Cambridge College**

1. On or about 2015 to 2016 Plaintiff did ask Cambridge College to certify her education for application for the NBCC-NCC and was told that they

could not certify many courses as the records for that year were lost/damaged.

2. Plaintiff asserts that Cambridge college did not exercise their duty off care in the maintenance of records that could substantiate the extent of her education and such breach has caused irreparable harm.

## C. As and For a Third Claim: National Board of Certified Councilors

1. On or about 2013 to 2014 Plaintiff did apply to take the National Clinical Mental Health Councilor Exam (NCMHCE) required by the Commonwealth of Massachusetts for licensure as an LMHC and offered by NBCC under contract with the Commonwealth of Massachusetts.

2. In the process of applying for the NCMHCE, Defendant NBCC required a review of Plaintiff's transcripts in order to be granted permission to sit for the exam. This review of the transcript was, presumably, to evaluate whether applicants have the requisite education to apply for board certification (which the NCMHCE is a requirement) or licensure with one of the numerous states NBCC contracts with

3. On or about 2013 to 2014 Plaintiff was granted permission to sit the NCMHCE by NBCC. Plaintiff passed the exam.

4. Subsequent to passage of the NCMHCE Plaintiff did apply for board certification through NBCC which is one of two routes toward licensure within the Commonwealth of Massachusetts, and Plaintiff was rejected the NBCC-NCC/CCMHC based on Education.

5. Plaintiff alleges that if NBCC requires transcript evaluation in order to sit for the NCMHCE that NBCC did approve the education *de facto* and NBCC's subsequent denial of the NCC/CCMHC has caused Plaintiff irreparable harm.

**D. As and For a Fourth Claim: Massachusetts Board of Higher Education**

1. Defendant Massachusetts Board of Higher Education (MBHE) has an oversight role over Defendant Springfield College.

2. On or about 2006 Defendant Springfield College filed paperwork with the Massachusetts Secretary of the Commonwealth of Massachusetts Corporations Division. Within that filing is a letter from the Massachusetts Board of Higher Education dated October 11, 2006 and signed by Patricia Plummer, Ph.D., Chancellor, that states that pursuant to Springfield Colleges Articles of Amendment filed September 22, 2006, Springfield colleges authority to offer the degree of Certificate of Advanced Graduate Study (CAGS) in Art Therapy and other fields was "hereby approved," ostensibly as of the filing dates of September 22, 2006 or the date of the Board of Higher Education's letter of October 11, 2006.

3. Springfield College marketed a CAGS to Plaintiff in 2000.

4. Massachusetts Board of Higher Education did not stop Plaintiff Springfield College from marketing a degree that authorization was not given to till 2006.

5. Plaintiff alleges that Defendant Massachusetts Board of Higher Education was derelict in its duty of oversight and that failure of such oversight has caused irreparable harm to Plaintiff.

**E. As and For a Fifth Claim: Massachusetts Board of Registration of Allied Mental Health and Human Services Professions**

1. Defendant Massachusetts Board of Registration of Allied Mental Health and Human Services Professions has a duty to hold its contractors, partners, and assignees responsible for the processes and procedures they undertake on behalf of the Board.

2. Defendant Massachusetts Board of Registration of Allied Mental Health and Human Services Professions contracts the services of NBCC to provide the NCMCHE in satisfaction of the statutory requirements of Commonwealth of Massachusetts.

3. Defendant Massachusetts Board of Registration of Allied Mental Health and Human Services Professions failed in its oversight responsibility of contractor/partner NBCC to ensure that NBCC did not misrepresent its role in the application process.

4. Defendant Massachusetts Board of Registration of Allied Mental Health and Human Services Professions has a *prima facie* duty to protect the public by licensing professionals who are qualified to practice in the professions within their statutory oversight.

5. Defendant Massachusetts Board of Registration of Allied Mental Health and Human Services Professions has failed its duty to license eligible

applicants, to regulate its contractors and assignees, and such failures have caused irreparable harm to Plaintiff.

**F. As and For a Sixth Claim: Rhode Island Board of Mental Health Councilors and Marriage and Family Therapists**

1. On or about 2016 to 2017 Plaintiff filed an application for LMHC with Defendant Rhode Island Board of Mental Health Councilors.

2. On or about 2016 to 2017 Defendant Rhode Island Board of Mental Health Councilors and Marriage and Family Therapists cashed check for the LMHC licensure fee.

3. As of this filing Plaintiff has yet to receive a decision from Rhode Island Board of Mental Health Councilors and Marriage and Family Therapists and this delay has caused irreparable harm to Plaintiff.

**G. As and For a Seventh Claim: United States Department of Education**

1. On or about 2016 to 2017 Plaintiff did file a "Defense of Repayment" with the United States Department of Education alleging the same claims contained in Section III, A herein.

2. As of this filing Plaintiff has received no communication from the United States Department of Education in relation to Plaintiff's application for Defense of Repayment and this delay has caused irreparable harm to Plaintiff.

**H. As and For an Eighth Claim: American Student Assistance**

1. Defendant American Student Assistance is a student loan services contracted by Defendant United States Department of Education.

2. Defendant American Student Assistance has attempted to collect a debt on a loan in forbearance pending a decision by Defendant United States Department of Education on Plaintiff's application for defense of repayment.

3. Defendant American Student Assistance used its subcontractor Delta Management Associates in this attempt.

4. Defendant American Student Assistance is in violation of Fair Credit and Collections Acts and in breach of the terms of the forbearance entered pending a decision on the Plaintiff's defense of repayment application.

5. Defendant American Student Assistance has caused irreparable harm to Plaintiff by its actions.

## I. As and For a Ninth Claim: Delta Management Associates

1. Defendant Delta Management Associates is a subcontractor of Defendant American Student Assistance and/or Defendant United States Department of Education.

2. Defendant Delta Management Associates is in violation of Fair Credit and Collections Acts and in breach of the terms of the forbearance entered pending a decision on the Plaintiff's defense of repayment application.

3. Defendant Delta Management Associates has caused irreparable harm to Plaintiff by its actions.

**THERFORE**, Plaintiff alleges:

J. Defendant Springfield College did willfully engage through its representatives and employees in an act of fraud against Plaintiff; and

**K.** Defendant Springfield College did act negligently with regards to transfer credits and/or its representation of the program and its benefits and such negligence was to the material detriment of Plaintiff; and,

**L.** Defendant Springfield College did act in conspiracy to deflect and obscure their fraud and negligence since 2001 and continue to do so today; and,

**M.** Defendant NBCC did mislead Plaintiff in a fraudulent manner by reviewing transcripts for eligibility for taking the CCMHC exam did, by such act, certify that the education met certain requirements, ostensibly either the NCC credential or licensure as an LMHC for the jurisdiction the CCMHC was being taken; and,

**N.** Defendant Cambridge College did not take duty of care to maintain records and such breach of duty of care has caused irreparable harm; and

**O.** Defendant Springfield College did not take duty of care to maintain records and such breach of duty of care has caused irreparable harm; and,

**P.** Defendant Massachusetts Board of Higher Education failed in its regulatory oversight obligation of Springfield College and such failure aided Springfield College in its fraudulent marketing practices and caused irreparable harm to Plaintiff; and,

**Q.** Defendant Massachusetts Board of Registration of Allied Health and Human Services Professions failed in is primary job of ensuring a fair and equitable licensing process and its oversight of its contractor's actions and behavior for the licensing exam NBCC; and,

R. Defendant Rhode Island Board of Mental Health Counselors and Marriage and Family Therapists failed in its obligation to process the application of Plaintiff and such failure has caused irreparable harm to Plaintiff; and,

S. Defendant United States Department of Education has failed in its obligation to process the application for defense of repayment, had not communicated a decision if one was rendered, and has not honored its obligation to continue a forbearance pending notification of a decision; and,

T. Defendant American Student Assistance, as servicer for the United States Department of Education failed to inform Plaintiff of any decision regarding application for defense of repayment communicated by United States Department of Education and failed to keep loans in forbearance pending a decision from the United States Department of Education, and these actions have caused irreparable harm to Plaintiff; and,

U. Defendant American Student Assistance and Defendant Delta Management violated the Fair Debt Collection Practices Act and regulations promulgated by the Department of Education for forbearance and collection of student loan debt; and,

V. Defendant United States Department of Education, Defendant American Student Assistance, and Defendant Delta Management are attempting to enforce a debt with questionable provenance; with the original Promissory Note unavailable Delta Management, in its violation of the Fair Debt Collection Practices Act, supports the missing "Promissory Note" with an affidavit containing defects that bring the validity of the affidavit and underlying debt instrument into question, as

a result the negligent recordkeeping of Defendant United States Department of Education through their Contractors and Subcontractors Defendant American Student Assistance and Defendant Delta Management have caused irreparable harm to Plaintiff.

## IV.   Relief

### A.  Springfield College

1. Plaintiff demands monetary relief from Springfield College the amount of $50,000.00 for tuition, loan fees, loan interest, and other fees due and payable to the Department of Education Federal Loan Programs; and,

2. Plaintiff demands monetary relief from Springfield College the amount of $157,000.00 for lost income as a result of Springfield Colleges fraud and negligence; and,

3. Plaintiff demands monetary relief from Springfield College in the form of punitive damages in an amount to be determined; together with,

### B.  Cambridge College

1. Plaintiff demands monetary relief from the Cambridge College in the form of punitive and actual damages in an amount to be determined; and,

2. Plaintiff demands equitable relief from Cambridge College in a form to be determined; together with,

### C.  National Board of Certified Councilors

1. Plaintiff demands monetary relief from the National Board of Certified Councilors in the form of punitive and actual damages in an amount to be determined; and,

2. Plaintiff demands equitable relief in the form of issuance of Board Certification without delay; together with,

**D. Massachusetts Board of Higher Education**

1. Plaintiff demands monetary relief from the Massachusetts Board of Higher Education in the form of punitive and actual damages in an amount to be determined; and,

2. Plaintiff demands equitable relief from Massachusetts Board of Higher Education in a form to be determined; together with,

**E. Massachusetts Board of Registration for Allied Mental Health Professions**

1. Plaintiff demands monetary relief from the Massachusetts Board of Registration for Allied Mental Health and Human Services Professions in the form of punitive and actual damages in an amount to be determined; and,

2. Plaintiff demands equitable relief from this court instructing Defendant Massachusetts Board of Registration for Allied Mental Health and Human Services Professions to issue, without further delay, the LMHC license to Plaintiff; together with,

**F. Rhode Island Board of Mental Health Councilors and Marriage and Family Therapists**

1. Plaintiff demands monetary relief from the Defendant Rhode Island Board of Mental Health Counselors and Marriage and Family Therapists in the form of punitive and actual damages in an amount to be determined; and,

2. Plaintiff demands equitable relief from this court instructing Defendant Rhode Island Board of Mental Health Counselors and Marriage and

Family Therapists to issue, without further delay, the LMHC license to

Plaintiff; together with,

### G. United States Department of Education

1. Plaintiff demands equitable relief from this court instructing United States Department of Education to rule on Plaintiff's application for relief under the defense of repayment application submitted by Plaintiff in 2016; and,

2. Plaintiff demands equitable relief from this court instructing United States Department of Education to cancel underlying loans taken out due to the fraudulent actions of Defendant Springfield College; and,

3. Plaintiff demands equitable relief from this court instructing Department of Education to instruct all contractors and subcontractors in the employ of the Department of Education to cease and desist from all collection activities while this matter is pending; and together with,

### H. American Student Assistance

1. Plaintiff demands monetary relief from the American Student Assistance in the form of punitive and actual damages in an amount to be determined; and,

2. Plaintiff demands statutory relief from American Student Assistance for its violations of the Fair Credit and Collections Act and other Federal Law; together with,

### I. Delta Management Associates

1. Plaintiff demands monetary relief from the Delta Management Associates in the form of punitive and actual damages in an amount to be determined; and,

2. Plaintiff demands statutory relief from Delta Management Associates for its violations of the Fair Credit and Collections Act and other Federal Law; together with,

## J. Other Relief

1. Plaintiff demands monetary relief from other yet unnamed parties who may be discovered to be liable to Plaintiff during the course of this proceeding; together with,

2. Any other monetary relief this court may deem to be in the interests of justice; and, together with,

3. Any and all other forms of equitable relief this court may deem to be in the interests of justice.

**V.     Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing bellow, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.  Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Friday, May 25, 2018.

Signature of Plaintiff  *Renee Victoria Gibson*
Renee Victoria Gibson, M.Ed., CAGS, ATR-BC, LCAT-NY